UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT CONWAY, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 10-1538 (EGS) |
| SIMON WAINWRIGHT, *et al.*, | ) | |
| Respondents. | ) | |

MEMORANDUM OPINION

This is an action for a writ of *habeas corpus* filed by a petitioner who is confined at the District of Columbia Jail on a parole violator warrant issued by the United States Parole Commission. *See* Pet. at 1. For the following reasons, the petition will be denied.

The extraordinary remedy of *habeas corpus* is available to District of Columbia prisoners if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner challenges the local statute governing supervised release, D.C. Code § 24-403.01, on the ground that its execution violates the separation of powers doctrine. He seeks "recall[]" of the statute and his immediate release. Pet. at 3.

As the paroling authority for District of Columbia prisoners, the U.S. Parole Commission is authorized by § 24-403.01(6) to grant, deny, or revoke a District of Columbia offender's parole supervision and to impose or modify his parole conditions. *See* § D.C. Code § 24-131(a); *Thompson v. District of Columbia Dep't of Corrections*, 511 F. Supp.2d 111, 114 (D.D.C. 2007).

Because the foregoing statutes govern the execution of a judicially imposed sentence, "[t]he Parole Commission does not exercise a judicial function and its decisions do not violate the separation of powers." *Montgomery v. U.S. Parole Comm'n*, Civ. Action No. 06-2133 (CKK), 2007 WL 1232190, *2 (D.D.C. Apr. 26, 2007) (citing cases); accord *Leach v. U.S. Parole Comm'n*, 522 F. Supp.2d 250, 251 (D.D.C. 2007); *Hammett v. U.S. Parole Comm'n*, Civ. Action No. 10-0442 (JDB), 2010 WL 1257669, *1 (D.D.C. Apr. 2, 2010) (Bates, J.) (observing that "[t]his argument, and similar separation of powers arguments, have been raised often and rejected each time."). *Cf. with Maddox v. Elzie*, 238 F.3d 437, 445 (D.C. Cir. 2001) (explaining that "*Morrissey* makes clear that parole revocation is not the continuation of a criminal trial but a separate *administrative* proceeding at which the parolee does not possess the same rights as a criminal defendant at trial.") (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (emphasis added). Accordingly, the petition for a writ of *habeas corpus* is denied. A separate Order accompanies this Memorandum Opinion.

SIGNED: EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: October 19, 2010